IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD A. DAVIDSON,            CASE NO. 2:14-CV-00115
                                                               JUDGE MICHAEL H. WATSON
       Petitioner,                        Magistrate Judge Elizabeth P. Deavers

       v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,

       Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Return of Writ* (ECF No. 6), Petitioner's *Traverse* (ECF No. 11), Respondent's *Reply* (ECF No. 14) and the exhibits of the parties.  For the reasons that follow the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Facts and Procedural History**

On June 29, 2010, pursuant to the terms of a plea agreement, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to involuntary manslaughter and child endangering. The trial court imposed a term of eighteen years imprisonment pursuant to the joint recommendation of the parties. (ECF No. 6-1, PageID# 51-52.)  Petitioner signed an *Entry of Guilty Plea* indicating that he was completely satisfied with the representation and advice of defense counsel, and that he understood he had the right to file an appeal within thirty days of the judgment of conviction.  PageID# 60.  Petitioner did not timely appeal.  On June 11, 2012, approximately two years later, he filed a *Notice of Appeal* and *Motion for Leave to File Delayed*

1

*Appeal.*[1]  PateID# 61-64.  In an *Affidavit* in support he stated as grounds for his untimely appeal that his attorney told him he had no right to an appeal, and the trial judge also advised him that he was waiving his right to appeal by entry of the guilty plea.  When he wrote the Ohio Public Defender, he was advised that it was too late to file an appeal.  When he obtained access to legal material at the prison's law library, he learned that he could file a motion for a delayed appeal.  *Affidavit,* PageID# 65-66.  On September 11, 2012, the appellate court denied Petitioner's *Motion for Leave to File Delayed Appeal.*  The court reasoned as follows:

> Defendant seeks leave to appeal a judgment entry of conviction and sentence entered by the Franklin county Court of Common Pleas on June 30, 2010. . . .
>
> Defendant claims that he failed to timely perfect an appeal because his trial counsel and the judge told him he had no right to appeal, he was denied access to the law library in prison, and he was heavily medicated after his incarceration and could only look into his appeal rights after his medications were regulated and then stopped.  Defendant's explanations are not reasonable bases for his failure to perfect a timely appeal.
>
> Defendant's claim that he was not aware of his right to appeal is not persuasive.  The entry of guilty plea form which defendant and his attorney signed when he pled guilty states that he "understand[s] that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction."  Therefore, we presume that defendant understood the plea form and understood his statutory right to appeal. . . .
>
> Further, the filing of a notice of appeal does not require access to a law library. . . A defendant's claim of limited legal knowledge is insufficient to justify the failure of a timely notice of appeal. . . . As the Supreme Court of Ohio has noted, "[l]ack of effort or imaginiation, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." . . .
>
> Lastly, to the extent that defendant alleges he was heavily medicated after his incarceration and therefore unable to look into

---

[1] Petitioner also filed a motion for appointment of counsel and for the preparation of a complete transcript of proceedings at state expense.

2

> his appeal, this does not explain why he waited two years after his conviction to file this motion. This delay is, without explanation, unreasonable. . . .
>
> For all these reasons, we deny defendant's motion for leave to file a delayed appeal. We also deny his motions for the appointment of counsel and preparation of a complete transcript of proceedings at the State's expense.

PageID# 71-73.) In the *Memorandum in Support* of his appeal to the Ohio Supreme Court, Petitioner again stated that his attorney advised him that he would have no right to appeal his sentence, as did the state trial court. PageID# 79. On February 6, 2013, the Ohio Supreme Court declined jurisdiction to accept the appeal. PageID# 98.

On January 17, 2014, Petitioner signed the instant habeas corpus petition. (ECF No. 1, PageID# 13.) Petitioner asserts that he was denied due process because neither his attorney nor the trial court informed him of his right to appeal and the state appellate court denied his motion for a delayed appeal. PageID# 5. It is the position of the Respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), that Petitioner has procedurally defaulted this claim, and that the claim lacks merit.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Pursuant to the terms of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on July 29, 2010, thirty days after the June 29, 2010, judgment entry of sentence, when the time period expired to timely appeal.  *See Atkinson v. Warden, Chillicothe Correctional Inst.,* No. 2:14-cv-230, 2015 WL 3743016, at *2 (S.D. Ohio June 15, 2015); *Groves v. Ohio Adult Parole Authority*, No. 1:10-cv-735, 2011 WL 5005992, at *2 (S.D. Ohio Sept. 26, 2011); Ohio R. App. P. 4(A); *see also Hale v. Warden, London Corr. Inst.*, No. 1:05cv213, 2006 WL 3230856, at *8 (S.D. Ohio Nov.6, 2006) (conviction final when the thirty day period expired for filing an appeal as of right to the court of appeals from the trial court's final judgment entry). The statute of limitations began to run the following day, and expired one year later, on July 30, 2011.  Petitioner did not execute this *Petition* until January 17, 2014.

Petitioner asserts, however, that under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until the date that he discovered the factual predicate for his claim, or until September 11, 2012, when the appellate court denied his motion for a delayed

4

appeal. *Traverse* (ECF 11, PageID# 148.) According to Petitioner, the filing of his appeal to the Ohio Supreme Court then tolled the running of the statute of limitations until February 6, 2013. Under this scenario, Petitioner argues that the statute of limitations therefore did not expire until February 2014.

Under 28 U.S.C. § 2244(d)(1)(D), a habeas corpus petition may be timely where a petitioner is not advised of his right to appeal and acts reasonably diligently in learning about his right to appeal. *See DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006):

> The proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> * * *
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims*, 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id*. at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence" under 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471 ) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).

Here, however, 28 U.S.C. § 2244(d)(1)(D) does not apply because petitioner had no right to appeal his sentence under Ohio law.[2] *See Board v. Bradshaw,* No. 1:12-cv-000637, 2014 WL

---

[2] O.R.C. §2953.08(D)(1) provides:

5

700026, at *7 (N.D. Ohio Feb. 21, 2014) (28 U.S.C. § 2244(d)(1)(D) does not delay the start date of the running of the statute of limitations where the Petitioner has no right to appeal his sentence) (citing *Thompson v. Sheets*, No. 3:07-cv-2423, 2009 WL 2176050 (N.D. Ohio July 21, 2009)); *Moore v. Wilson,* No. 1:08-cv-2029, 2009 WL 2399122, at *12 (N.D. Ohio Aug. 4, 2009) (distinguishing *Dicenzi* where the petitioner had no right to appeal a jointly recommended sentence); *see also Snead v. Warden, Madison Correctional Inst.*, No. 1:11-cv-127, 2011 WL 6817872, at *9 (S.D. Ohio Dec. 28, 2011); *Thombs v. Voorhies*, No. 2:08-cv-728, 2010 WL 1727259, at *5 (S.D. Ohio April 27, 2010); *Freeman v. Gansheimer*, No. 4:10-cv-369, 2010 WL 4568760, at *7 (N.D. Ohio Oct. 12, 2010)).

By Petitioner's own account, defense counsel advised him that he would be waiving his right to appeal. The trial court also advised Petitioner that he was waiving his right to appeal by entry of his guilty plea, which Petitioner indicated that he understood.³ The trial court imposed

---

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.s,

³ The transcript of Petitioner's guilty plea hearing indicates that the trial court advised Petitioner of all of the rights he was waiving by entry of his guilty plea, and Petitioner indicated that he understood that he was waiving his right to appeal:

> If there was a finding of guilty by way of trial, you'd have the right to appeal that to the Court of Appeals with the assistance of counsel.
>
> ***
>
> Do you understand you're waiving these rights when you enter a guilty plea?
>
> [Defendant[]]: Yes, ma'am.
>
> [Court]: Are you waiving these rights and entering this plea knowingly, intelligently and voluntarily?
>
> [Defendant]: Yes, ma'm.

6

sentence pursuant to the joint recommendation of the parties. The record fails to demonstrate that Ohio law did not authorize the sentence. Moreover, Petitioner has failed to allege any circumstances to justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 641, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

---

*Transcript* (ECF No. 6-2, PageID# 106.)

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

>*s/ Elizabeth A. Preston Deavers*__
>ELIZABETH A. PRESTON DEAVERS
>UNITED STATES MAGISTRATE JUDGE